JOHN O'RILEY AND MARY O'RILEY, APPELLANTS, *v.* JOHN WILSON, RESPONDENT.

PLEADINGS—SUFFICIENCY OF A DENIAL.—Where in an action for the recovery of damages, the defendant pleads accord and satisfaction, and the replication denies that "in consideration of the payment of seventy-five dollars, or any other sum and the surgeon's fee," mentioned in the answer, the plaintiffs "accepted the same in full satisfaction and discharge of the damages," etc.: *Held,* that while this is an admission of the payments, it is a denial of their acceptance in discharge of the damages claimed, and, therefore, a sufficient denial of the settlement set up in the answer.

THE facts are stated in the opinion of the Court.

*S. Huelat,* for Appellants.

*Page & Thayer, and Johnson & McCown,* for Respondent.

By the Court, BOISE, J.:

This was an action brought by the plaintiffs to recover damages accruing to the plaintiff, Mary O'Riley, from the falling of certain seats, erected by the defendant at his circus, whereby the plaintiff was injured.

The defendant, in his special answer, says:

"Defendant, for further answer, avers that after the committing and happening of the alleged and supposed grievances and acts, in the complaint mentioned and before this action, to wit, on the said 20th day of September, 1869, the defendant delivered to the plaintiff seventy-five dollars in coin, and paid the surgeon's bill for attendance upon the said Mary O'Riley, and in consideration of such payment to the surgeon the plaintiffs accepted and received the sum of seventy-five dollars aforesaid, in full satisfaction and discharge of the damages or liabilities in the complaint mentioned, and of all the damages by the plaintiffs sustained by reason of the matters and things therein alleged."

To this answer the plaintiffs reply:

"That it is not true that plaintiffs, in consideration of the payment of the sum of seventy-five dollars, or any other sum, and the surgeon's fee for attendance upon plaintiff, Mary O'Riley, accepted the same in full satisfaction and discharge of the damages or liabilities in the complaint mentioned and set out, and of all the damages by the plaintiffs sustained by reason of the matters and things in said complaint alleged, and plaintiffs deny that they have ever received from any person or persons compensation or satisfaction for the injury and damages in the complaint in this action set out."

The general allegations of the complaint were also denied. A trial to a jury was had, and a verdict for the plaintiffs rendered, when the defendant moved for judgment, notwithstanding the verdict; which motion was allowed, on the ground that the replication did not deny the accord and satisfaction pleaded in the special answer of the defendant. And the question to be determined by this Court is, does the replication put in issue the allegations of said special answer?

The answer says that defendant paid the surgeon's fees and paid the plaintiff seventy-five dollars, which was accepted as a full settlement and satisfaction by the plaintiffs.

The reply does not deny the receipt of the money or the payment of the surgeon's fee, which is therefore admitted;

but plaintiffs say that it is not true that they accepted the same in full satisfaction and discharge of the damages or liabilities in the complaint mentioned. It is insisted that it is not sufficient to deny an allegation to be to the effect, as mentioned in the pleading replied to, but that the denial must show that there has been no settlement whatever. This is not a denial of a conclusion of law. A certain fact is set out in the answer, to wit: That the payment of the surgeon's fee and the payment of seventy-five dollars were accepted by the plaintiffs as a full settlement of the damages; that is to say, that such was the contract and the consideration thereof. Plaintiffs deny that they ever made any such contract. I think this is the denial of a fact, and not the pleading of a conclusion of law. It is not a denial of the defendant's conclusion of law, but it is the denial of the fact that there was any agreement such as the defendant has alleged. To say that a certain sum was accepted is stating a fact, and to deny it is to deny a fact. We think the replication makes an issue of fact with the answer on the question as to whether there was an acceptance in discharge of damages or not.

Judgment reversed.